## E. C. HORN SONS v. HOFFMAN et al.

Circuit Court of Appeals, Third Circuit.
February 21, 1928.

No. 3746.

**1. Partnership ⊕⊐210—Failure to attack validity of order appointing receiver for partnership directly held waiver of right.**

Validity of order of federal court in appointing receiver for a partnership, enjoining institution or further prosecution of suits against defendant without leave of court, cannot be attacked by a creditor for the first time two years later, in proceedings before a master to pass on claims.

**2. Courts ⊕⊐367(1)—Creditors' suit ⊕⊐36(1) —Under law of Pennsylvania, which controls when property therein is involved, creditor of insolvent, having suit pending when receiver is appointed, cannot obtain preference by proceeding to judgment and asserting lien.**

Under the law of Pennsylvania, which controls in federal court when property in that state is involved, where, after appointment of a receiver on a creditor's bill to conserve the property of an alleged solvent debtor, it develops that defendant was insolvent when the appointment was made, the rights of creditors are fixed as of that date, and a creditor having a claim in suit, but not adjudicated, cannot obtain a preference by proceeding to judgment and asserting a lien.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

In creditors' suit against Kurtz Bros., partners, in which C. P. Hoffman was appointed receiver, E. C. Horn Sons appeal from an order denying claim to preference. Affirmed.

John L. Ketchem, of New York City, and Fred B. Gernerd, of Allentown, Pa., for appellant.

Geo. W. Coles, U. S. Atty., Mark Thatcher, Asst. U. S. Atty., and Claude O. Lanciano, all of Philadelphia, Pa., for the United States.

Percival H. Granger, of Philadelphia, Pa., Howard A. Lehman, of Bethlehem, Pa., and Reber, Granger & Montgomery, of Philadelphia, Pa., for appellee receiver.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The District Court, in its decree appointing a receiver for Kurtz Brothers, co-partners, conformably with Pennsylvania law, issued the usual injunction against any one instituting suits or further prosecuting suits already brought against the defendants except on its further order. A suit which E. C. Horns Sons had previously instituted against them in the Court of Common Pleas of Lehigh County, Pennsylvania, was stayed by that injunctive order. Later, Horn Sons, showing that sharply controverted issues arising from claim and counterclaim were involved, and pointing to the danger of the removal and death of witnesses, petitioned the District Court for leave to prosecute their suit to judgment on the representation:

"That your petitioners do not desire to obtain a preference by any judgment they may secure against the defendants in said action, but only desire that the facts and law of said proceeding be determined."

Viewing these words in their plain meaning, the court evidently thought that all the petitioners wanted was leave to litigate their claim to judgment so they could present a liquidated claim to the receiver for allowance and payment, and, accordingly, granted them permission to try their case in the state court and prosecute it "to judgment, but (directed that) execution upon said judgment shall not be proceeded with, without first obtaining leave of this court." The petitioners then prosecuted their case to judgment, filed the adjudged claim with the receiver and—not deterred by their previous representation to the court—demanded a preference in the distribution of receivership funds by reason of the claimed lien of the judgment on the property. That, clearly, was directly opposed to their statement to the court disclaiming an intention "to obtain a preference by any judgment they may secure" and contrary to the intendment of the court's order granting leave to prosecute the suit to judgment. And so a master, to whom all claims against the receivership had been referred, while he allowed the petitioners' claim, disallowed the preference they demanded. On exceptions, his action was approved by the District Court and the matter is now here on the petitioners' appeal.

[1] Passing by, without notice, what they had said to the court when they applied for leave to prosecute the state suit, the petitioners, as we shall continue to call them, now go back to the original decree and assert that the District Court had no power to enjoin or limit the prosecution of suits already begun

because section 265 of the Judicial Code (USCA title 28, section 379 [28 USCA § 379]) forbids United States courts to stay proceedings in state courts.

Be that as it may, the petitioners did not raise the question by an attack on the decree when made, or on the decree when modified by leave to prosecute their suit for a limited purpose. Neither from the decree as originally made nor from the decree as modified, nor from the order granting the limited leave itself have the petitioners appealed. Therefore all those orders stand undisturbed. The petitioners, after waiting two years, first raised the question of the District Court's power to stay the state suit on exceptions to the master's report under a reference to pass on claims and make disbursements of receivership funds, and endeavored thus to attack the original decree indirectly after they had neglected the opportunity and waived the right to attack it directly. Considered with reference to procedure, we regard the question as to the validity of the injunctive feature of the decree not properly before the trial court and not properly here on appeal. [2] But aside from the matter of procedure and aside also from the question of estoppel by the representation on which they obtained leave to prosecute the state suit, as found against them by both master and court, we think the petitioners have no standing in law; and for this reason:

The receiver in this case was appointed on a creditors' bill alleging solvency of the debtors and their business embarrassment and praying conservation of their assets. During the receivership it developed, as the master and the court found, that the defendants were in fact insolvent on the date the receiver was appointed and thereafter the estate was administered as that of insolvent debtors under a general receivership and wound up accordingly. Blum v. Girard National Bank, 248 Pa. 148, 93 A. 940, Ann. Cas. 1916D, 609, is authority for such a proceeding and also for the law (controlling in this case because affecting property in Pennsylvania) that on the appointment of a temporary receiver for embarrassed solvent debtors the title to their property and the rights of creditors to sue remain as before the receivership, yet, if the debtors instead of being solvent as alleged prove to be insolvent on the date the receiver was appointed, the situation is as though the receivership were based on insolvency at the beginning, when, under settled law, the rights of all creditors are fixed as of that date. That being the fact here, as found by master and court, the petitioners, with a suit pending but not tried to judgment, stood like other general creditors wholly without right thereafter to obtain a judgment on their claim against the insolvent debtors and to assert its lien against the debtors' property in preference or priority to the claims of other general creditors. Manifestly any other rule would transform a receivership from an orderly proceeding, conducted and controlled by principles of equity, into a free for all scramble of creditors for preferences and precedence. Blum v. Girard National Bank, supra; 1 Tardy's Smith on Receivers, 105, 110; 23 R. C. L. pp. 48, 49.

The decree of the District Court is affirmed.